UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: PAULETTE WILLIAMS                                   CASE NO. 04-16289

CITIBANK (South Dakota), N.A.                              PLAINTIFF

VERSUS                                                     ADV. PROC. NO. 04-1236

PAULETTE WILLIAMS                                          DEFENDANT

OPINION

On consideration before the court is a motion for summary judgment filed in the above adversary proceeding by Citibank (South Dakota), N.A. ("Citibank"); no response having been filed thereto by the debtor/defendant, Paulette Williams ("Williams"); and the court, having considered said motion, finds as follows, to-wit:

I.

The court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. This is a core proceeding as defined in 28 U.S.C. §157(b)(2)(A) and (I).

II.

In this proceeding, Citibank objects to the dischargeability of a debt owed to it by Williams. On October 1, 2004, Williams filed a voluntary petition for bankruptcy pursuant to Chapter 7 of the Bankruptcy Code.

Citibank asserts that Williams is indebted to it pursuant to three credit card accounts: Citi Platinum Select ("Platinum"), AT&T Universal ("Universal"), and Citi Diamond Preferred

Entertainment ("Diamond"). As of the filing date, the net payoff on the Platinum account was $4,513.31; the Universal account was $9,871.81; and the Diamond account was $4,632.21, plus all costs and attorney fees.

Citibank alleged that within ninety (90) days prior to the bankruptcy filing, Williams purchased luxury items on all three accounts. The court would point out that this case was filed prior to the effective date of the Bankruptcy Abuse Prevention Consumer Protection Act of 2005 (BAPCPA), and, therefore, pre-BAPCPA law applies. Pre-BAPCPA §523(a)(2)(C) states that consumer debts related to luxury goods purchased by a debtor within <u>sixty days</u> before the order for relief are presumed non-dischargeable.

Citibank also alleged that Williams made the purchases and charges to the accounts in bad faith with knowledge that she lacked the ability to repay because of her poor financial condition. As such, Citibank contends that the debts are non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

III.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); <u>Phillips v. OKC Corp.</u>, 812 F.2d 265 (5th Cir. 1987); <u>Putman v. Insurance Co. of North America</u>, 673 F.Supp. 171 (N.D. Miss. 1987). The moving party must demonstrate to the court the basis on which it believes that

summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. Celotex Corporation v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.29 265 (1986); Leonard v. Dixie Well Service & Supply, Inc., 828 F.2d 291 (5th Cir. 1987), Putman v. Insurance Co. of North America, 673 F.Supp. 171 (N.D. Miss. 1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." Phillips, 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." Phillips, 812 F.2d at 272.

IV.

On May 10, 2005, Citibank served Williams with Plaintiff's First Set of Requests for Admission to Defendant. The thirty day period for answering the requests, as set forth in Rule 7036(a) of the Federal Rules of Bankruptcy Procedure and Rule 36(a) of the Federal Rules of Civil Procedure, expired without Williams answering or objecting to the requests.

"The matter is admitted unless, within thirty days after service of the request...the party to whom the request is directed serves upon the party requesting the admission a written objection or answer addressed to the matter, signed by the party or his attorney..." Fed. Rule Civ. Proc. 36(a). "Any matter admitted under this rule is conclusively established..." Fed. Rule Civ. Proc. 36(b). See, In re Carney, 258 F.3d 415 (5th Cir. 2001). Williams' failure to serve a timely answer or objection to Citibank's requests for admission requires that those matters set forth in the requests be deemed admitted.

Consequently, the following matters, which are excerpted verbatim from the requests for admission, are conclusively established:

1. Defendant applied for and obtained three different credit cards from the plaintiff, Citibank. The account numbers are 5424181049532604 (Citi Diamond Preferred Entertainment), 4621200620450913 (Citi Platinum), and 5398400023246854 (AT&T Universal). The amount due and owing on the accounts are:

   | | |
   |---|---|
   | Citi Diamond Preferred Entertainment Card | $4,632.21 |
   | Citi Platinum | $4,513.31 |
   | AT&T Universal | $9,871.81 |

2. Defendant filed this bankruptcy petition on October 1, 2004.

3. Defendant has not redeemed or abandoned any collateral or reaffirmed the indebtedness with the plaintiff.

4. Defendant should have known she would be unable to repay this debt.

5. Defendant did not have a good faith intention to repay this debt.

6. Defendant should have known she would be filing bankruptcy at the time the debt was incurred.

7. Defendant's financial condition did not change drastically from October 1, 2003, to October 1, 2004.

8. Defendant's income did not change drastically from October 1, 2003, to October 1, 2004.

V.

Citibank clarified that its demand in this proceeding should be limited to $2,234.30, plus attorney fees in the sum of $744.69, as well as, all costs accrued.

VI.

As a result of Williams' admissions, there are no longer any genuine material factual issues in dispute. Citibank is entitled to summary judgment as a matter of law. The debts owed to Citibank by Williams are non-dischargeable pursuant to 11 U.S.C. §523(a)(2)(A). Judgment shall be entered in favor of Citibank contemporaneously herewith in the amount of $2,234.30, plus attorney fees in the amount of $744.69, as well as, all costs of this proceeding. Interest on this judgment shall be permitted to accrue at the highest lawful rate following its entry.

This the 27th day of June, 2006.

/s/ David W. Houston, III
DAVID W. HOUSTON, III
UNITED STATES BANKRUPTCY JUDGE